UNITED STATES *v.* TICE & LYNCH, INC. (No. 3297)[1]

---

[1] T. D. 44363.

United States Court of Customs and Patent Appeals, November 3, 1930

*Charles D. Lawrence*, Assistant Attorney General (*William H. Futrell*, special attorney, of counsel), for the United States.

*Comstock & Washburn* (*George J. Puckhafer* of counsel) for appellee.

[Oral argument October 9, 1930, by Mr. Lawrence and Mr. Puckhafer]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court.

The involved merchandise, in the form of a book, consists of one volume bound in "full French Levant doublé." It is about 18 by 20 inches in size, and is entitled, according to the testimony of the importer, "Lives of the Presidents of the United States of America, documents and original autographs of the Presidents of the United States." It contains 29 original autographed letters, one of each of the former Presidents of the United States from Washington to Coolidge, inclusive, 29 pages of typewritten transcripts of such letters, a picture of each of the former Presidents, 29 pages of printed biographical sketches of the former Presidents, and five painted miniatures on ivory of former Presidents Washington, Jefferson, Lincoln, Grant, and Roosevelt inlaid on the inside of the back cover of the leather binding.

The merchandise was assessed for duty by the collector at the port of New York at 25 per centum ad valorem under the provision for all other books, not specially provided for, contained in paragraph 1310 of the Tariff Act of 1922. The pertinent part of the paragraph reads as follows:

PAR. 1310. Unbound books of all kinds, bound books of all kinds except those bound wholly or in part in leather, sheets or printed pages of books bound wholly or in part in leather, pamphlets, music in books or sheets, and printed matter, all the foregoing not specially provided for, if of bona fide foreign authorship, 15 per centum ad valorem; all other, not specially provided for, 25 per centum ad valorem; * * *

The importer protested, claiming that the merchandise was free of duty as manuscripts under paragraph 1614 of that act.

PAR. 1614. Manuscripts, not specially provided for.

On the trial below, Thomas William Best testified that he was the importer of the involved article; that he had collected the original letters hereinbefore referred to, about one-half of which were in longhand and the remainder typewritten; that each had been signed by a former President of the United States; that the printed biographical sketches and pictures were taken from a book—"A history of the Presidents of the United States"; that the miniatures on ivory were painted by a professional artist; and that the original letters, the typewritten transcripts, the pictures, the printed biographical sketches, and the miniatures were taken to Europe and there bound in "full French Levant doublé" in book form. It further appears from the testimony of the importer that the miniatures cost him $50 each, and that the book from which he took the biographical sketches and pictures cost him $6. There is no evidence of the value of the original letters, but the consular invoice indicates that the cost of the leather binding was £120, approximately $600.

The imported article was sold prior to the trial below, and was not introduced in evidence.

Oliver C. Webster, an examiner of merchandise at the port of New York, was called as a witness for the Government. He testified that he had officially examined the imported article and that it was entitled "Presidents of the United States of America." Otherwise, his description of the merchandise was in accord with that given by the importer. We might add that the importer, in answer to a question as to what he had done with the various materials comprising the contents of the volume, said: "I took them to Europe, to be bound up in a volume of the Presidents of the United States of America."

Upon this record the court below held that the imported article was not a book; that it was entitled to free entry under the provision for manuscripts in paragraph 1614, and, accordingly, sustained the protest.

Counsel for the Government contends that the imported article is more than manuscripts; that it is a leather-bound book containing, among other things, manuscripts.

On the other hand, counsel for the importer insists that the imported article consists of manuscripts bound in book form; and that the presence of the minatures, and the printed biographical sketches and pictures taken from a book which cost the importer only $6, are not of sufficient importance to affect its classification. Certain decisions of the court below were cited for the purpose of showing that it has previously been held by that court that manuscripts bound in book form are free of duty as "manuscripts."

The terms "book" and "manuscript" are defined by the lexicographers as follows:

*Book,* n. 1. A number of sheets of paper bound or stitched together, whether blank, written, or printed, used for any purpose.

*Manuscript,* n. 1. Matter written by hand with a pen, stylus, or the like; a composition in handwriting or typewriting, as distinguished from one that is printed: * * *

(Funk & Wagnalls, New Standard Dictionary.)

*Book,* n. * * * b. A collection of tablets of wood or ivory, of sheets of paper, parchment, or similar material, blank, written, or printed, strung or bound together; commonly, many folded and bound sheets containing continuous printing or writing. * * * When printed, the term often distinguishes a bound volume, or a volume of some size, from a pamphlet.

*Manuscript,* n. 1. A composition written with the hand, as an ancient book, document, etc., so written before the adoption of printing, or an unprinted modern book, piece of music, etc.; esp., an author's copy of his work in handwriting or typewriting, from which the printed copies are made; a writing of any kind as distinguished from a printed copy.

(Webster's New International Dictionary.)

See also Oxford and Century dictionaries.

While the definitions of the term "book" are somewhat comprehensive, the term "manuscript," according to the definitions, is limited to written, as distinguished from printed, compositions.

The involved article, consisting of manuscripts, printed biographies, and pictures, bound in leather, on the inside of the back cover of which are inlaid expensive painted miniatures on ivory of five former Presidents, is, in our opinion, more than mere manuscripts, bound or otherwise.

We are not impressed with the argument that the cost of the pictures and the biographical sketches was so small as to make them a negligible part of the importation. What value they bore to the total value of the book does not appear and, in our opinion, is of no great consequence in the determination of the issue. However, were it not for the presence of the printed sketches, that part of the title which reads "Lives of the Presidents of the United States of America" would be misleading. It is obvious that they were not considered of negligible value when the title was selected by the importer.

The question of the proper classification of manuscripts bound in book form is not before us. Accordingly, we deem it unnecessary to comment on the decisions cited by counsel for the importer.

We conclude that the imported article is more than manuscripts, bound or otherwise; that it is a book within the common acceptation of that term; and that it was properly classified by the collector as such.

The judgment is *reversed.*